## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**CANAL INDEMNITY COMPANY**                                            **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 2:07cv 351-KS-MTP**

**TAMMY L. DAUMA, ET AL.**                                             **DEFENDANTS**

## <u>ORDER</u>

This matter is before the court on the Motion for Leave to File Counterclaim out of Time
filed by Mike Cox d/b/a Cox Cattle ("Cox") [104]. Having considered the motion and the entire
record in this matter, the court finds that the motion [104] should be denied.

This case has been pending for nearly a year and a half. The court has previously granted
Cox at least two extensions of time to prepare an answer.[1] Cox finally filed an Answer [103] on
April 20, 2009, after the court denied [102] his most recent motion [100] for an extension of time.
In his Answer [103], Cox now argues that he needs additional time to file a counterclaim. Cox
does not identify what the counterclaim is; rather, he merely states that it "may later be argued by
others to be a Rule 13 compulsory counterclaim." Cox argues that because local counsel of record
is on active military duty, and because he had certain conflict of interest concerns,[2] he should be

---

[1] *See* Case Management Order [91] and Order dated March 3, 2009. Thus, this matter
was pending for well over a year without an answer from Cox. Some of the delay (about three
months) is attributable to Cox's bankruptcy filing, which briefly stayed this matter.

[2] The alleged conflict is not clear, nor is it clear that Cox's lawyers have any right or
approval to participate in a limited fashion in this case by performing certain duties and not
others. The purported conflict, if any, appears to arise from counsel's (Mr. Montague's) "long-
standing representation of Canal" (*see* docket no. 104, p. 2), a circumstance counsel would
appear to have known at the time he undertook to represent Cox. Counsel indicates that he
appeared in this matter for Cox just to monitor this proceeding. *See* docket no. 93, p.2. The
notice of appearance filed by Mr. Montague appears to be for all purposes and reveals no limited
role. *See* docket no. 64. Even if limited representation were allowed, it should have been
revealed long ago to avoid further delay in Cox's obtaining counsel who intended to file
pleadings and vigorously advance his interests. The specter of a conflict with Mr. Montague's

granted the extension.  This argument is irrelevant, however, as Cox is currently also represented

by Garland Sandhop, Jr.,admitted *pro hac vice*, who is available to file pleadings or take

appropriate action.[3]  Moreover, the issues remaining in this case are relatively straightforward,[4]

and the case is on the expedited track. Further delay for Cox to prepare an unidentified

counterclaim is not warranted.  Cox has failed to show "good cause" to support his request for yet

another extension and, therefore, the request shall be denied.  *See* Fed. R. Civ. P. 6(b); Local Rule

16.1(B)(9)(c); Case Management Order [91].

   IT IS, THEREFORE, ORDERED AND ADJUDGED that Cox's Motion for Leave to file

Counterclaim out of Time [104] is denied.

   SO ORDERED this the 30th day of April, 2009.

                         s/ Michael T. Parker
                         United States Magistrate Judge

---

continued role is this case is now moot as he was granted leave to withdraw on other grounds,
*i.e.*, military service. *See* docket no. 102. Nevertheless, the events related to it serve to illustrate
some of the unnecessary delays occasioned to date, and why the court does not find the issues
surrounding Cox's representation to be good cause for yet another extension of case deadlines.

   [3] Mr. Sandhop's role in this matter is not much clearer than Mr. Montague's.  On
February 13, 2009, Mr. Sandhop moved to appear *pro hac vice* on behalf of Mike Cox. *See*
docket no. 90. Admission was granted that same day by text order.  Exactly two weeks later, on
February 27, 2009, Cox moved for yet more time to answer and in his motion represented that
"physical distance and insufficient professional expertise in coverage matters" prohibited Mr.
Sandhop from representing Cox. *See* docket no. 93. However, the physical distance between this
court and Mr. Sandhop's office did not change so far as the court can tell during that two week
period, nor have the issues in this case changed in any appreciable way. For his part, Mr.
Sandhop has not moved to withdraw.  Mr. Sandhop remains as counsel of record for Cox.

   [4] *See* Order Granting Motion to Resume Litigation Based on Lifting of Bankruptcy Stay
[89] (characterizing issue in this litigation as "whether Canal Indemnity Company is entitled to
be discharged from any and all further duties to defend or indemnify its insureds under Policy
No. L045430 with regard to claims arising from Rodney Brown's motor vehicle accident of July
20, 2006.").